IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| LORNE ARANDALL HOULE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-CV-04261-BCW |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is pro se Plaintiff Lorne Arandall Houle's motion to proceed in forma pauperis (Doc. #1), motion for temporary restraining order and preliminary injunction (Doc. #2), motion for emergency ruling on the motion for temporary restraining order (Doc. #5), and motion for judicial notice (Doc. #6). The Court, being duly advised of the premises, denies said motions.

The Court, within its discretion, may authorize the commencement of a civil suit without the prepayment of fees if the plaintiff files an affidavit of financial status demonstrating an inability to incur the costs of the suit without becoming completely destitute. 28 U.S.C. § 1915(a)(1); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). The Court should only grant a motion to proceed without prepayment of fees if it finds the case is not: (a) frivolous; (b) malicious; (c) insufficient under Fed. R. Civ. P. 12(b)(6); or (d) seeking monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The Court, having reviewed Plaintiff's affidavit of financial status (Doc. #1 at 2–7), finds Plaintiff qualifies for in forma pauperis status based on economic need. The Court therefore considers whether Plaintiff's claims are otherwise barred.

### A. Plaintiff's Allegations

Plaintiff seeks injunctive, declaratory, and monetary relief against Defendants the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Robert L. Cerna (Field Office Director, ICE Dallas), Latice Curry (Chief of Staff, ICE Dallas), and Joshua Johnson (Deputy Field Office Director, ICE Dallas). (Doc. #1-1). Plaintiff sues the individual defendants in their official capacity only.

Plaintiff alleges Count I, violation of Fifth Amendment Due Process; Count II, unlawful termination under 5 C.F.R. § 315.804 (or § 315.805) and the Fifth Amendment; Count III, violation of 5 U.S.C. § 2302(b)(9) and (b)(12); and Count IV, abuse of authority / arbitrary and capricious agency action under 5 U.S.C. § 706. Plaintiff's fact allegations are as follows.

Plaintiff began employment with ICE as a Deportation Officer Trainee on September 22, 2025. (Doc. #1-1). Plaintiff was assigned to the Dallas Field Office and was sent to the Federal Law Enforcement Training Center ("FLETC") to participate in the Enforcement and Removal Operations ("ERO") Basic Academy. On or about October 30, 2025, an instructor falsely accused Plaintiff of violating the smoking policy and assessed punitive physical training to his entire class. The extra physical training "incited animosity among trainees, causing multiple classmates to become hostile" towards Plaintiff. Id. at 4.

Therefore, Plaintiff sent a message in his trainee-class group chat, which he characterizes as a message directing his classmates "to act with professionalism and restraint." (Doc. #1-1 at 5). At approximately 6am, Plaintiff told his classmates, "Im [sic] giving everyone a fair warning: stay the fuck away from me! Don't talk to me; don't acknowledge me. Stay in your lane and leave me the f alone." (Doc. #1-2 at 8). Approximately two hours later, Plaintiff was confronted by an instructor about the message. Later that day, Plaintiff was escorted off FLETC premises and

2

removed from the academy. Before being escorted from training, Plaintiff was not given advanced notice of removal, an opportunity to respond, or an opportunity to present a defense.

On November 5, 2025, at the Dallas Field Office, Plaintiff's personal identify verification ("PIV") card was deactivated and his government-issued laptop and equipment were confiscated by Defendant Curry. Plaintiff was issued a termination letter, which he claims he signed under protest and duress. Plaintiff was told the termination decision was "final and irreversible," no response or appeal would be accepted, and his requests for review by higher authority were denied. (Doc. #1-1 at 6). Prior to his removal from training, Plaintiff maintained academic scores above 90% and had no record of misconduct.

Plaintiff alleges he continues to suffer loss of income, health insurance, law enforcement status, security credentials, and significant reputational harm. Plaintiff requests immediate reinstatement, an order prohibiting Defendants from retaliating against Plaintiff, a declaration that his rights were violated, full back pay and benefits, and reasonable litigation costs and fees.

### B. Plaintiff's proposed complaint is insufficient under Fed. R. Civ. P. 12(b)(6).

"A complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Factual allegations in the complaint must be sufficiently alleged to raise a right to relief above the speculative level. Bell Atl. Corp., 550 U.S. at 554–55. Since Plaintiff is proceeding pro se, the Court considers the content of the proposed complaint pursuant to "less stringent standards" than might otherwise apply. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Lomholt v. Holder, 287 F.3d 683, n. 1 (8th Cir. 2002). Therefore, "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Topchian v. JPMorgan Chase Bank, N.A., 760

F.3d 843, 849 (8th Cir. 2014) (citing Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)). However, a pro se litigant must still comply with court rules and procedures. Estelle, 429 U.S. at 106.

### 1. Count II is duplicative of Count I.

As a preliminary matter, Plaintiff's claims under Count II are duplicative of the claims in Count I. See Northland Mgmt. & Constr., LLC v. City of Parkville, No. 4:24-CV-06005-BCW, 2025 WL 299791, at *8 (W.D. Mo. Jan. 24, 2025) (citing Margolies v. McCleary, Inc., 447 F.3d 1115, 1125–26 (8th Cir. 2006) ("It is well-established that a plaintiff may not receive double recovery for the same wrong, and therefore duplicative claims are prohibited.")). Both Counts allege wrongful termination without due process of law, violations of the same federal regulations, and rely on largely repetitive factual allegations. Count II includes specifically that the "stigma-plus doctrine" of the Due Process Clause applies, but this nonetheless falls within the greater due process claim of Count I. Counts I and II are therefore duplicative and, for purposes of review under 28 U.S.C. § 1915, the Court considers them jointly as one count.

### 2. Plaintiff fails to sufficiently state a claim under the Due Process Clause in Counts I and II.

Plaintiff argues he was terminated based on false accusations, he received no notice or defective notice, he was not given an opportunity to respond or clarify the accusations, and his request to review or appeal his termination was denied. (Doc. #1-1). Plaintiff contends he is entitled to a "name-clearing hearing" and reinstatement.

"The Fifth Amendment forbids the federal government to deprive a person of liberty or property without due process of law." Bishop v. Tice, 622 F.2d 349, 353 (8th Cir. 1980).

To the extent Plaintiff contends that a due process violation automatically arises from a regulatory violation, that contention is incorrect. "[T]he violation of a federal regulation, standing alone, is insufficient to confer a private right of action." Martin v. Valasek, No. 8:21-CV-400,

2021 WL 5842491, at *2 (D. Neb. Dec. 9, 2021) (citing Alexander v. Sandoval, 532 U.S. 275, 291 (2001)). And there is no private right of action in the relevant regulations, meaning their violation alone does not provide a basis to sue in federal court or recover damages. Therefore, Plaintiff bears the burden to allege facts sufficient to establish a due process violation, for which there is a private right of action. Bishop, 622 F.2d at 354–58 (8th Cir. 1980) (holding that an improperly discharged civil service employee may sue directly under the Fifth Amendment in at least some situations); Beeson v. Hudson, 630 F.2d 622, 625 (8th Cir. 1980).

Moreover, the regulations raised by Plaintiff are not relevant to the due process analysis because they have been rescinded. Plaintiff alleges violations of §§ 315.804 and 315.805 in the Code of Federal Regulations ("CFR"). However, in the current CFR, §§ 315.804 and 315.805 are "[Removed and Reserved]," meaning these sections are blank, no current rule exists there, and the sections are being held for potential future rulemaking. Strengthening Probationary Periods in the Federal Service, 90 Fed. R 26727-01 (June 24, 2025) (explaining that pursuant to the President's directive, by executive order, "the Office of Personnel Management (OPM) is rescinding the regulations on probationary periods for initial appointments in the competitive service and making conforming amendments."); https://www.archives.gov/federal-register/cfr/about.html.

These regulations were rescinded and replaced with Civil Service Rule 11, effective July 28, 2025, which provides that "an employee's service terminates before the end of the tour of duty on the last day of their probationary or trial period unless their agency certifies within the 30 days prior to that date that finalizing their appointment advances the public interest." 5 C.F.R. § 11.5(a). Civil Service Rule 11 provides factors to consider in determining whether to certify an employee, and it requires notice of the effective date of termination be given in writing to a probationary employee before termination. 5 C.F.R. § 11.5(d)–(e).

Even if a violation of Civil Service Rule 11 amounted to a due process violation, based on Plaintiff's own allegations, the rule was not violated. Plaintiff alleges his termination date was November 5, 2025. At that time, Plaintiff received a termination letter that stated his termination was "effective upon receipt of this document." (Doc. #1-2). Plaintiff's probationary period had not expired by November 5, 2025, and he was not certified under the rule. Plaintiff's termination comports with Civil Service Rule 11 in that he received written notice specifying the effective date. See 5 C.F.R. § 11.5(e). The rule does not afford Plaintiff the right to respond or appeal. The applicable regulation does not give rise to a due process claim.

Plaintiff's remaining allegations also do not amount to a due process violation because Plaintiff does not identify an adequate property or liberty interest. To assert a due process claim, a plaintiff is required to allege the loss of a protected property or liberty interest. Id.; Johnson v. City of W. Memphis, 113 F.3d 842, 843 (8th Cir. 1997). When claiming the loss of government employment,

> "[f]or a property interest to exist, the public employee must have a legitimate claim of entitlement to continued employment. An employee's liberty interests are implicated when, in connection with the employee's discharge, a government official makes accusations that seriously damage the employee's standing in the community or foreclose other employment opportunities."

Johnson, 113 F.3d at 843 (internal citation omitted). Here, Plaintiff alleges he is entitled to be reinstated and Defendants imposed a career-damaging stigma, so he raises both property and liberty interests.

As a probationary employee, Plaintiff is not entitled to continued employment and therefore has no property interest. Plaintiff admits that he was a probationary employee who was removed from service during the probationary term, and, under Civil Service Rule 11, such removal may be without cause. See 5 C.F.R. § 11.5 (not requiring a reason be stated for termination). Plaintiff has no legitimate claim to continued employment under the facts presented,

and there are no federal regulations or laws that give Plaintiff a right to a termination hearing or to respond to the basis for his termination. The Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.").

Plaintiff also fails to plead facts showing a liberty interest was affected by his termination. "To establish protected liberty interests, plaintiffs were required to establish that a [government] official, in connection with discharging plaintiffs, *publicly made* allegedly untrue charges against them[.]" Shands v. City of Kennett, 993 F.2d 1337, 1347 (8th Cir. 1993). Accepting Plaintiff's allegation that his message to classmates was falsely characterized as threatening and violent, nevertheless, the characterization was conveyed only in a private letter and not shared publicly. Plaintiff does not allege that anyone beyond the DHS and ICE officials involved in his termination were aware of the purportedly false accusations. Without publicity, Plaintiff's reputation in the community is not harmed, and he is not foreclosed from obtaining future employment. See id. Therefore, a liberty interest is not implicated. The Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 573 (1972) (holding where a plaintiff's "good name, reputation, honor, or integrity" is not at stake, they are not entitled to a hearing to refute allegations).

Since Plaintiff does not plead any facts to support an essential element of his due process claim, Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6).

### 3. Plaintiff is not permitted to sue under 5 U.S.C. § 2302 in Count III.

In Count III, Plaintiff alleges Defendants violated 5 U.S.C. § 2302(b)(9) by engaging in a prohibited personnel practice of retaliation and violated § 2302(b)(12) by violating 5 C.F.R. § 315.804.

As explained above, 5 C.F.R. § 315.804 was rescinded, and Defendants did not violate the regulatory rule that replaced it.

Moreover, an individual is not allowed to file an action under § 2302 directly in federal court. A party must present a claim that § 2302 was violated to the U.S. Office of Special Counsel ("OSC") or the Merit Systems Protection Board ("MSPC"). 5 U.S.C. § 1214; King v. Jerome, 42 F.3d 1371, 1375 (Fed. Cir. 1994) ("The Special Counsel can investigate allegations of prohibited personnel practices, secure corrective action, and bring action against employees who commit such acts."). Consequently, Plaintiff cannot personally assert a claim under § 2302.

Even if Plaintiff had identified a law that would allow him to sue for retaliation, Plaintiff does not allege facts to support such a claim. Plaintiff alleges he invoked his rights and requested to appeal through the chain of command *after* receiving his termination letter, and Defendants proceeded with termination in retaliation. However, Plaintiff's termination was effective upon receipt of the letter, meaning the termination decision was made before he invoked his rights. An adverse employment action cannot be considered retaliation for the invocation of legal rights when at the time the decision was made, the plaintiff had not yet invoked his rights. Wedow v. City of Kansas City, Mo., 442 F.3d 661, 675 (8th Cir. 2006) (affirming that an employee alleging retaliation must prove causation and alleging that retaliatory acts happened shortly *after* invoking one's legal rights can give rise to an inference of causation).

### 4. Plaintiff is not permitted to sue under 5 U.S.C. § 706 in Count IV.

Plaintiff brings Count IV under 5 U.S.C. § 706, alleging Defendants abused their authority and engaged in arbitrary and capricious action.

The law Plaintiff wishes to sue under, 5 U.S.C. § 706, is a section of the Administrative Procedures Act ("APA") that grants federal courts the authority to review agency action. Dep't of

Com. v. New York, 588 U.S. 752, 823 (2019) (Alito, J., concurring) ("The APA authorizes judicial review of "agency action" taken in violation of law, 5 U. S. C. §§ 706(2)(A)–(D)[.]"). There is no private cause of action in the statute, so Plaintiff cannot personally sue under the law.

Because Plaintiff's proposed complaint is insufficient under Fed. R. Civ. P. 12(b)(6), his in forma pauperis motion is denied, and this case shall be dismissed pursuant to 28 U.S.C. § 1915. Plaintiff's remaining motions are denied as moot. Accordingly, it is hereby

ORDERED Plaintiff's motion to proceed in forma pauperis (Doc. #1) is DENIED and this case is DISMISSED WITHOUT PREJUDICE. It is further

ORDERED Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. #2) is DENIED AS MOOT. It is further

ORDERED Plaintiff's motion for emergency ruling on the motion for temporary restraining order (Doc. #5) is DENIED AS MOOT. It is further

ORDERED Plaintiff's motion for judicial notice (Doc. #6) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: December 23, 2025        /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT